UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

****************************

UNITED STATES OF AMERICA,                    Criminal No. 09-CR-507 (DNH)

v.

BALDEO SAHABIR and
KAMLA SAHABIR,

                    Defendants.
****************************

## SUPPLEMENTAL TRIAL MEMORANDUM OF THE UNITED STATES

## PRELIMINARY STATEMENT

From 2000 through 2007 more than $2.9 million dollars of bank fraud proceeds were wire transferred into two bank accounts controlled by the defendants.[1]  Subsequently that money was withdrawn by the defendants in the form of cash and checks written to third parties.  The government intends to offer tax return information for Baldeo and Kamla Sahabir showing that none of these monies was reported on their jointly filed individual tax returns.  Further, the government intends to offer proof that America Seva International failed to file a tax return from 2000 to 2007.

---

[1] One bank account was in the name of Baldeo Sahabir.  The other account was in the name of America Seva International.  Both Baldeo and Kamla had signatory authority on the America Seva account.

## THE TAX INFORMATION IS PROPERLY ADMISSIBLE

The defendants are charged with conspiracy to commit money laundering and substantive money laundering offenses.  In order to prove conspiracy, the government must show that the defendants agreed to:

(1) conduct a financial transaction;

(2) involving the proceeds of specified unlawful activity;

(3) knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity; and

(4) knowing that the financial transaction was designed in whole or in part to conceal or disguise the nature, source, location, ownership or control of these proceeds. *United States v. Hassan*, 578 F.3d 108, 127-28 (2d Cir. 2009).  The substantive money laundering charge requires the government to prove that the defendants actually did satisfy each of the numbered elements listed above.

The government intends to offer the tax return information as evidence that the defendants knew that the monies being transferred into their accounts were proceeds from illegal activity, and that their intention was to conceal or disguise the nature, source, location, ownership or control of those proceeds.  Such evidence will also be offered to show the defendants' agreement to launder money.  The Second Circuit has held that tax return information is admissible to prove these elements. *See United States v. Hassan*, 578 F.3d 108, 128 (2d Cir. 2009)(a defendant's unreported income allows a jury to infer that the

2

defendant agreed to conduct financial transactions intending to disguise the nature and the source of the funds involved in a money laundering conspiracy); *United States v. Monaco*, 194 F.3d 381, 387 (2d Cir. 1999)(evidence that a defendant's spending significantly exceeds his reported earnings on tax returns is admissible for the jury to draw an inference that the unreported proceeds were attributable to money laundering).

Numerous cases in other circuits are in agreement. *United States v. Mangual-Santiago*, 562 F.3d 411, 429 (1st Cir. 2009)(evidence that defendant failed to file tax returns from 1996 through 2004 properly admissible where his bank accounts reflected movement of large amounts of money 2002 through 2004 since such evidence is indicative of an intent to conceal funds, which is relevant in establishing the existence of, and defendant's participation in a money laundering conspiracy); *United States v. Upton*, 559 F.3d 3, 14 (1st Cir. 2009)(failure to file a tax return is admissible because a jury can reasonably find that such act facilitates the concealment aim of a money laundering transaction and not filing returns furthers the main objective of concealment in a money laundering conspiracy); *United States v. Green*, 599 F.3d 360, 374 (4th Cir. 2010)(evidence of discrepancies between reported income on tax returns and the amount of expenditures and deposits made by the defendant is admissible and probative to permit a reasonable juror to find beyond a reasonable doubt: (1) the existence of an agreement to commit concealment money laundering; (2) the defendant's knowledge that the money constituted proceeds of illegal activity; and (3) that the defendant knowingly and voluntarily became part of the money

laundering conspiracy); *United States v. Torres*, 346 Fed.Appx. 983, 990-91 (5th Cir. 2009)(expenditures above declared income is probative evidence to demonstrate the defendant's knowledge that the money laundering proceeds came from unlawful activity); *United States v. Williams*, 605 F.3d 556, 562 (8th Cir. 2010)(IRS records showing the defendant filed no tax returns admissible in a money laundering prosecution).

There are cases in other contexts which support the admissibility of tax return information to prove the defendant's knowledge of illegal activities. *United States v. Eng*, 997 F.2d 987, 991 (2d Cir. 1993) *citing United States v. Briscoe*, 896 F.2d 1476, 1500 (7th Cir.)("It is well settled that in narcotics prosecutions, a defendant's possession and expenditure of large sums of money, as well as his or her failure to file tax returns, are relevant to establish that the defendant lacked a legitimate source of income and that, in all probability, the reason for the failure to report this income is due to the defendant's participation in illegal activities"); *United States v. Garcia-Pastrana*, 584 F.3d 351, 378 (1st Cir. 2009)(defendants' failure to report income generated from their embezzlement scheme admissible since it is significant evidence of their knowledge and willfulness); *United States v. Arthur*, 582 F.3d 713, 717-18 (7th Cir. 2009)(defendants' tax returns that did not reflect transfers or income is admissible evidence in a bankruptcy fraud case to prove that the defendants acted fraudulently); *United States v. Mousavi*, 604 F.3d 1084, 1094 (9th Cir. 2010)(evidence that the defendant concealed income from the government on tax returns is

admissible and probative to indicate knowledge of unlawfulness in a prosecution for violating the United States trade embargo against Iran).

The defendants' tax return information that fails to account for approximately $2.9 million dollars received and disbursed by them from 2000 to 2007 is admissible to prove the defendants' agreement, their knowledge that the proceeds were from unlawful activity and their intent to conceal or disguise the nature and source of the proceeds.  The court always retains the option, at the defendants' request, to give the jury a limiting instruction.  *United States v. Garcia-Pastrana*, 584 F.3d at 387 (1st Cir. 2009).

Dated: July 26, 2010                    Respectfully submitted,

                                        Richard S. Hartunian
                                        United States Attorney

                                        /s/
                              By:       Edward R. Broton
                                        Assistant U.S. Attorney
                                        Bar Roll No. 101230

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

*****************************************

**UNITED STATES OF AMERICA,**

                                                    **Criminal Action No.**
        **v.**                                      **09-CR-507**

**BALDEO SAHABIR and**
**KAMLA SAHABIR,**


                **Defendants.**
*****************************************

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2010, I electronically filed the **GOVERNMENT'S SUPPLEMENTAL TRIAL MEMORANDUM** with the Clerk of the District Court using the CM/ECF system.

Stephen Coffey, Esq.                        E. Stewart Jones, Jr., Esq


                                /s/
                                Paula Briggs