UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
UNITED STATES OF AMERICA,

        v.

BALDEO SAHABIR and
KAMLA SAHABIR,

        Defendants.
-----------------------------------------------------------------

Criminal No. 09-CR-507 (DNH)

## SECOND EVIDENTIARY MEMORANDUM

### POINT ONE

**THE PROPOSED PROOF RELATED TO "KA" (KAREN ALLI) SHOULD BE PRECLUDED AS IT IS OUTSIDE THE PARAMETERS OF THE INDICTMENT CHARGED AGAINST THE SAHABIRS, LACKS THE QUALITY, CREDIBILITY, CORROBORATION AND CONNECTEDNESS TO OVERCOME ITS INHERENT AND DISPROPORTIONATE PREJUDICIAL EFFECT, INTRODUCES AN UNCHARGED CRIME INTO THE CASE, AND SERVES TO CONFUSE THE ISSUES TO BE RESOLVED BY THE JURY**

The Indictment against the Sahabirs charges crimes alleged to have occurred between 2000 and 2007, a period of time subsequent to that in which Singh and "KA" are involved.

The government concedes that the time periods embraced under Count One (December 13, 2000 through May 23, 2007) and Count Two (October 6, 2004 through May 30, 20007) are outside of the time frame of the relationship between Singh and "KA".  Nonetheless, it urges that the bank fraud counts, Counts Three through Ten, include this Singh/"KA" period.  However, by the very language of the Indictment that is incorrect.  In the first instance each of the eight counts, three through ten, occurred at a point in time subsequent to the Singh/"KA" transactions and embrace a period from December 18, 2001 through May 23, 2007.  On the same page of the Indictment on which the eight counts occur, page six, in paragraph three at the top of the Indictment the frame of

reference for the time period of the scheme to defraud related to the bank fraud charges against the defendants is described as beginning in the year 2000.  There is no allegation within the four corners of the Indictment that either defendant committed any crime prior to December of 2000.  There is no allegation within the four corners of the Indictment that either defendant was in any way involved in any scheme of Singh's prior to 2000.

It would be fundamentally unfair to allow the government at this point to insinuate into the case uncharged crimes as part of its direct proof, uncharged crimes that antedate the time frame of the Indictment.

Moreover, the relevance of the allegation is further weakened by the lack of quality of the proof claimed to support the allegation.  While there is certainly proof that Singh diverted money to "KA'S" account, there is absolutely no proof that a single penny of that money was ever received by either Sahabir.  The account to which Singh deposited the money had two signatories to it, one was "KA" and the second was her mother.  Neither Sahabir has been shown by any bank record or other document to have any connection of any kind to the account, nor to have ever had any benefit from the account.  Further undermining the quality, and therefore the relevance, of this evidence is Singh's denial of any knowledge of Karen Alli or the account when first confronted about it.

The probative value of this specious evidence is weak to non-existent, and is far outweighed by the guarantee of unfair prejudice to the fair trial rights of the Sahabirs and the assurance that the introduction on the government's direct case of uncharged crimes will serve to confuse the jury with respect to the issues to be decided by them and the crimes to be voted on by them.

On a fair and considered application of the balancing test under Rule 403, this evidence should be excluded from the direct case of the government.

DATED:      July 28, 2010

Respectfully submitted,

s/ E. Stewart Jones, Jr.

E. STEWART JONES, JR.
Bar Roll No. 103064
E. STEWART JONES, PLLC
Attorney for Defendant
KAMLA SAHABIR
28 Second Street
Troy, New York   12180
(518) 274-5820

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

UNITED STATES OF AMERICA,                                    09-CR-507 (DNH)

       v.

BALDEO SAHABIR and
KAMLA SAHABIR,

       Defendants.

-----------------------------------------------------------------

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 28, 2010, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

1.    Edward R. Broton, Esq.
       Assistant U.S. Attorney
       U.S. Department of Justice
       United States Attorney's Office
       Northern District of New York
       P.O. Box 7198
       100 South Clinton Street
       Syracuse, New York   13261-7198

2.    Stephen Coffey, Esq.
       O'Connell and Aronowitz, Esqs.
       54 State Street
       Albany, New York   12207

                                                      s/ E. Stewart Jones, Jr.