IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

Kamla Sahabir,

      Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case No.  09-CR-507 (DNH)

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files this memorandum in connection with sentencing of Kamla Sahabir which is scheduled for December 15 in Utica.

I

INTRODUCTION

On August 19, 2010, the defendant was convicted by a jury of one count of conspiracy to commit money laundering, one count of money laundering and five counts of aiding and abetting a bank fraud in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i), 1344 and 2, respectively.

II

**APPLICABLE STATUTORY AND GUIDELINES PROVISIONS**

**1.      Statutory Maximum Sentences**

The defendant's conviction for substantive money laundering and money laundering conspiracy, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h) subjects the defendant on each count to a statutory maximum term of 20 years imprisonment; a 3 year maximum term of supervised release, see 18 U.S.C. § 3583(b)(2); and a fine of twice the value of the laundered proceeds, here $7,129,676. *See* 18 U.S.C. § 1956(a)(1). In addition, the defendant is liable to the United States for a civil penalty of the value of the funds laundered, here $3,564,838.24. See 18 U.S.C. § 1956(b)(1)(A).

Each count of conviction for bank fraud subjects the defendant to a statutory maximum term of 30 years imprisonment. 18 U.S.C. § 1344; a five year maximum term of supervised release, see 18 U.S.C. § 3583(b); and a maximum fine of $1,000,000, see 18 U.S.C. § 1344.

2.   The United States adopts the facts set forth in the Presentence Investigation Report submitted by the United States Probation Office on November 12, 2010. The United States also adopts the offense level computations, the criminal history score, and the court's sentencing options set forth in the Presentence Investigation Report.

III

**GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on all of the information before the Court, the government respectfully requests that the Court impose a sentence within the applicable guideline range of 108

months imprisonment, restitution of $3,564,838.24 and a special assessment of $1,000.

The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).

While the defendant was careful not to have her name appear on most of the checks written from the stolen funds, she was an integral part of this fraud. Kamla Sahabir originated this scheme by first suggesting to Lal Singh he should not return unclaimed funds to New York State but rather transfer it to accounts where it could be converted to their own use.

She was present at meetings where Lal Singh was provided with different accounts to use to send the fraud proceeds. She accompanied her codefendant husband to meetings with Singh where Singh was given his share of the money.

Perhaps most telling is the fact that the bank account of a purportedly religious organization (America Seva) founded by the defendant was used to launder over $2.4 million of fraud proceeds. Over 90% of all monies deposited into the Seva account were fraud proceeds. This was a well planned, premeditated criminal undertaking created and orchestrated by Kamla Sahabir. The scheme ran successfully for years and involved more than 425 separate wire transfers. The defendant profited handsomely. She has shown no remorse. The recommended sentence reflects these facts and will justly punish the defendant for her long running repetitive criminal behavior.

"[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive

empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).[1]

The imposition of an order requiring payment of restitution in full, according to a schedule set by the Court, is mandatory pursuant to 18 U.S.C. §§ 3663A(c)(1)(A) and 3664(f).

The United States respectfully moves the Court for an order directing that the defendant be remanded immediately after sentence. *See* 18 U.S.C. § 3143(b). The defendant has long been aware of the impending sentencing and faces a significant term of imprisonment under the applicable guidelines." Further, the defendant has not identified any substantial question of law or fact likely to form a viable basis for an appeal.

Respectfully submitted this 1st day of December, 2010,

RICHARD S. HARTUNIAN
United States Attorney

By: /S/
Edward R. Broton
Assistant United States Attorney
Bar Roll No. 101230

---

[1] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*****************************************

**UNITED STATES OF AMERICA,**

      v.

**Criminal Action No.
09-CR-507**

**KAMLA SAHABIR,**

      **Defendant.**

*****************************************

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2010, I electronically filed the **GOVERNMENT'S SENTENCING MEMORANDUM** with the Clerk of the District Court using the CM/ECF system.

      E. Stewart Jones, Jr., Esq

      /s/

      Paula Briggs