UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MAY 31 2012

1

2

3

4   UNITED STATES OF AMERICA     )
            Respondent,          )        CRIMINAL ACTION NO:
5                                )
6                                )        **DNYN 109-CR000507-002**
    Vs.                          )
7                                )        CIVIL ACTION NO:
8   KAMLA SAHABIR,               )        **1:2012-CV-00-461**
            Movant,              )
9   _____)        _____

10

11          MOVANT'S TRAVERS TO GOVERNMENT'S RESPONSE
            TO MOTION UNDER 28 USC SECTION 2255

12          COMES  NOW MOVANT  KAMLA SAHABIR, and submits the following
13   traverse to the government's response to her Section 2255 motion. This traverse
     includes and incorporates by reference the factual allegations, verified pursuant to
14   28 U SC § 1746 and the legal argument set forth in 28 USC Section 2255.

15
            The   government has responded to Kamla Sahabir 's   section 2255
16   motion but addresses the Movant's claims in principle but not in fact by
17   mischaracterizing  her  allegations,  the  record,  and  the  basis of  her  claim.
     The government also misstates the applicable law, arguing that the
18   definition of proceed as addressed in the Supreme Court ruling is
19   somehow inapplicable to the case at bar in US V Santos as   inapplicable to the
     case at bar. While the government has responded to the claims presented the
20   response does not address all of his allegations, In particular the response does
21   not address most of the allegations of the Movant's motion under 28 USC 2255.
     To the extent that the response is in conflict with the allegations of Movant
22   Sahabir it is demonstrated within that provides grounds for an evidentiary
23   h e a r i n g  to resolve the dispute.

24

25   _____
     References to this response will hereinafter be "Govt. Resp.  [page References to  Kamla Sahabir Section 2255 motion will be denominated
     "Section 2255 Motion [page  or paragraph]".  Unless otherwise indicated any  references to  paragraphs in the  Section 2255 motion will refer to
26   the numbered paragraphs of the "Statement of Claim" of the  motion.

- 1

Additionally, to further clarify the issues, Movant Sahabir has, with this traverse, filed a Statement of Disputed Issues of Material Facts. In this document, she has specifically pointed out the facts which are in dispute and which are material to the resolution of his Section 2255 Motion. For the sake of brevity and clarity, these disputed issues of material fact are not enumerated here and have, instead, been referenced in a separate Statement Of Disputed Facts.

Kamla Sahabir demonstrates within that;

(1 ) she has in fact and law stated a prima facie claim of ineffective assistance of counsel in the trial process;

(2 ) material factual disputes exist in this case which mandate the Court to grant an evidentiary hearing; and

(3) the government's other arguments are adequately addressed in the statement of claim and memorandum incorporated in Kamla Sahabir's Section 2255 Motion.

## STATEMENT OF CLAIM

### KAMLA SAHABIRHAS IN FACT AND LAW STATED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL IN TRIAL AND SENTENCING PROCESS

As set forth above, in the Statement of Claim of his Section 2255 motion, Kamla Sahabir has pleaded a claim of ineffective assistance of counsel in the trial and sentencing process when As set forth above, in the Statement of Claim of her Section 2255 motion, Kamla Sahabir has pleaded a claim of ineffective assistance of counsel in the trial and sentencing process when Counsel failed to raise relevant case law.

---

Kamla Sahabir has, with this traverse, also renewed her motion for discovery which was included in his Section 2255 motion As set forth in the renewed motion for discovery, the discovery is now even more critically important due to the material factual disputes which have arisen as part of the government response Additionally, the requested discovery may well resolve the material factual disputes without a hearing, thereby conserving judicial resources.

Movant was prejudiced at the sentencing phase of the process by the unprofessional omissions of counsel, set forth in because, absent said omissions of the inclusion of the Supreme Court ruling in U.S. v Santos, with the definition of money laundering, there is a reasonable probability that the outcome of the trial process would have been different, especially as it relates to mitigating factors that the court may have considered as well as the calculation of the guidelines for the purpose of sentencing.

Resp. at 5

The Sahabirs deny now as they did then that there was ever an agreement with Lal Singh as he implied and testified in this case. They deny that Kamla ever had a meeting with Lal Singh. They did have a promissory note to repay the payment $90,000.00 which was shown in court.

Lal Singh's testimony was a part of the plea agreement he struck with the Government to mitigate the damage to himself and his family members who were never charged. This is despite the fact that his wife had deposited several hundred thousand dollars into her account. Evident, but something which she denied she had no knowledge of. Singh's inconsistencies were quite visible at trial He deposited funds in the bank accounts without any notice and demanded that Baldeo Sahabir take all his monies in the form of cash and checks to New York. Kamla Sahabir was never involved in any of these trips.

John Deen was never a Forensic Accountant (that was never stated in court). He states to the court he had just graduated from college with a degree in Accounting and worked for the New York State Police Department. As noted in the record, John Deen stated quite clearly that his testimony was based on assumptions. That fact was clearly established when questioned by Trial Attorney Coffey. The fact remains unaltered that Lal Singh had access to Baldeo Sahabir's account because of a small personal loan that was repaid. This explains in no uncertain terms the reasons for Singh's access to account belonging to Baldeo Sahabir.

There was never any proof or evidence presented that the Sahabirs ever met with Mr. Singh to discuss any part of his criminal activities. Mr. Singh by his own

admission in court has committed many acts of deception without regard to the law or harm to others and that he would have to suffer for these acts. Singh gained access to the American Seva Account because of the loan agreement of $90,000.00 (the Promissory Note was presented at trial). Baldeo's explanation was very clear and evident by the checks given to Lal Singh. Mr. Singh wrote the names of his family members on the blank checks and collected the cash from Baldeo.

The same strategy that Singh used to coerce his family members was the same strategy he used on the Baldeo and Kamla Sahabir making them conduits for his illegal activities. Baldeo Sahabir gave the same explanation as Singh's family. The only difference is that the jury believed Singh's family and not Baldeo Sahabir. All monies sent to America Seva were returned directly to Lal Singh by either cash or checks.

Baldeo Sahabir's name is in the American Seva Certificate of Incorporation but was never an officer of the organization. He only volunteered his services as a music teacher (see references given by members of the community).

Resp. at 6:

Movant rebuts that John Deen's analysis of the accounts has no proof or evidence that any monies went directly to the Sahabirs. John Deen never provided any evidence or any analysis to the court of his findings. 2003-2007 contrary to the Government's allegations, no monies were ever sent to the Personal accounts of the Sahabirs. These were merely unproven allegations.

The Sahabirs never declared Sighs money on their taxes because the money was never theirs. Also Singh's money was never a part of the American Seva Financial Statement because again, the money was returned to Singh. All the bank account transactions clearly shows that the monies were withdrawn and checks written within three days of deposit and trips made to New York City were evident. It was evident that all monies were taken to Singh in Queens (EZ Pass will verify that).

The Government itself admits (Resp. pg. 7, 1st line) the evidence is circumstantial (not factual). Movant submits that this should be construed as mitigating and in favor of their argument for relief requested.

In the last paragraph (Resp. at pg. 7) endorses the fact that all Singh's relatives many friends state that they all gave the monies back to Singh. The Sahabir's contested the same. The difference is that the jury believed the relatives of Lal Singh, but not the same testimony and protestations of the Baldeo Sahabir.

The Government's argument that Movant Sahabir walked away with half the money is pure speculation.

THE GOV'T ARGUMENT ON SANTOS IS TOTALLY DIFFERENT FROM THE SUPREME COURT'S RULING. "PROFIT" HAS ONLY ONE DEFINITION AND CANNOT BE ALTERED.

The Supreme Court ruling in Santos espouses a new rule. Movant submits that the new rule requires a recalculation of the loss previously attributed to the Defendants charged in Money Laundering cases. United States v. Santos, 553 U.S. 507, 128 S. Ct. 2020, 170 L.Ed.2d 912 (2008), held that the money-laundering statute's, 18 U.S.C. § 1956(a)(1), term "proceeds" was ambiguous and as a result, in certain circumstances, must be read to mean "profits." Santos clearly applies to the case at bar. United States v. McPhail, 112 F.3d 197, 199 (5th Cir.1997). Sahabir contends that, at the time they were convicted the statute the rule was in effect and did define the meaning of the term "proceeds as "profits" . and was applicable to the case at bar.

In 18 U.S.C. § 1956(c)(9) (West 2009) ("[T]he term 'proceeds' means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity."). 312 Pub. L. No. 111-21, 123 Stat. 1617, 1618–19. Siu v. United States, Nos. C08-1407-JCC, CR02-0192-JCC, 2009 WL 2032028, at *8(W.D. Wash. 2009) ("Here, as the government concedes, both *Santos* and *Cuellar* are new substantive rules because they narrow the scope of the federal money laundering statute.

Santos was significantly relevant at sentencing because of the calculation of the offense level based on the amount of funds involved in the case which translated into the prison exposure term.
Movant
submits the new interpretation under relevant case law warrants a review of the sentence imposed for consideration of further departure.

At sentencing proceedings the government requested a guideline sentence of 108 months based on a loss computation of $3,564,838.24, joint and several.  The district court applied the parsimony principle and departed to imposed a below guideline sentence of 60 months.

Movant is seeking further variance/downward departure from what has already been awarded based on the intervening change is the law.

Under the characteristics of the offense of Money Laundering, pursuant to section the Supreme Court' interpretation, the conduct of the Movant did not comport with the characteristics of money laundering. The law is very clear. In United States v. Santos, the Supreme Court espoused a "new rule" by considering  "whether the term 'proceeds' in the federal money laundering statute, 18 U.S.C. § 1956(a)(1), means 'receipts' or 'profits.'" 553 U.S. at 509, 128 S.Ct. at 2022. A plurality of four justices held that the statute's **use of** "proceeds" meant "profits." Id. at 513-14, 128 S.Ct. at 2025.

In other words, the government must prove that the "proceeds" of the specified unlawful activity were profits and not just gross receipts. This is because the term "proceeds" is ambiguous, and the rule of lenity required interpreting the term in favor of defendants. **Santos, 553** U.S. at 514.

Case law supports that the Movant is not precluded from raising this issue in a § 2255 proceeding 'if new law has been made . . . since the trial and appeal.'

Granted, the court did depart from the guideline offense level that the Government requested by application of the parsimony principle and consideration of 3553 factors, the initial guideline sentencing level was calculated based on the allegation was that Sahabir  obtained the  "proceeds" from the criminal activities in a concert with Lal Singh and the calculation was based on a specific amount of funds as calculated under  2S1.3.

MOVANT SUBMITS THAT MATERIAL FACTUAL DISPUTES EXIST IN THIS CASE WHICH MANDATE THE COURT TO GRANT AN EVIDENTIARY HEARING.

Movant has demonstrated that while the government does rebut all material allegations of her claim they have not been supported by extra-record material She has presented to the court extra materials to support her claims . To the extent, however, that the factual allegations of Kamla Sahabir statements have been rebutted by the Government this mandates further factual development in the form of either discovery or an evidentiary hearing as set forth in the 28 U.S C. § 2255, Rule 4 of the Rules Governing Section 2255 Proceedings, and the case law cited I the pleadings. Kamla Sahabir has requested an evidentiary hearing to resolve extra-record material factual issues as part of his original Section 2255 motion She also requested leave of the Court to conduct discovery and has renewed that request by motion included with this traverse.

The extra-record facts have now been put in issue by the government's response to Sahabir Section 2255 motion and Movant has enumerated the disputed issues of material fact in this traverse. Some of the disputed issues cannot be determined from either the files and records of this case or from the Court's recollection of events because they occurred outside the courtroom and outside the presence of the Court since both the plain language of 28 US C § 2255 and case law construing this section mandate that the material factual disputes be resolved as part of the Court's determination of the Section 2255 motion, the Court should either grant an evidentiary hearing on the basis of the present record or grant Kamla Sahabir leave to employ the processes of discovery based on all of the foregoing, this Court should find that material factual disputes exist in this case which mandate the Court to grant an evidentiary hearing.

CONCLUSION

Based on all of the foregoing, Movant Kamla Sahabir respectfully asks this Honorable Court to:

A)    FIND  that the government opposition to his Section 2255 motion is not well taken; and,

B)    ORDER an evidentiary hearing as set forth and requested in her Section 2255 motion so that she can prove her case.

                                        Respectfully Submitted,

Dated this 23rd  day of  May,  2012.

                                        KAMLA SAHABIR,
                                        Movant pro se
                                        Fed. Reg. No:  15737-052
                                        Box A
                                        Alderson, West VA. 24910

- 8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA          )
                Respondent,       )          CRIMINAL ACTION NO:
                                  )
                                  )          **DNYN 109-CR000507-002**
     Vs.                          )
                                  )          CIVIL ACTION NO:
     KAMLA SAHABIR,               )          **1:2012-CV-00-461**
                Movant,           )
_____ )          _____

## STATEMENT OF DISPUTED FACTS

Initially, Movant notes the following Reply to the Government's Response regarding the newly discovered evidence;

(1) The newly discovered evidence was never denied. In fact, the court indicated that that it was beyond its jurisdiction to make a decision regarding the evidence because Notice of Appeal had been filed  transferring jurisdiction to the Court of Appeals.

(2) The Government refers to issues in the Appeal which was later withdrawn. The references to issues included in the appeal, never entertained by the Court have no relevance to issues raised in the 2255 motion.  The direct appeal was related to matter protected on the record. The issues raised in the 2255 are issues not raised on appeal.

(3) The Memorandum of statements presented to the court regarding the statements Lal Singh made to others indicating that the Sahabir's were merely conduits were taken by a Licensed Private Investigator –Patrick Anastasi, a credible investigator. The sworn statements present as much credibility as the Memorandum presented by the Government by Karen Ali, a statement that was not

- 1

taken by the F.B.I. where Karen Ali stated that she did not know Kamla or Baldeo Sahabir and that she has no knowledge whey each or either of them were. Karen Ali's Memorandum was concealed by the Government and was only presented at the end of the trial. Once more this is an indication of the lies on the part of Lal Singh, the individual whose testimony the case was built around

Movant also notes here, that initially when interviewed by Law enforcement, Neither the name of Kamla Sahabir or Baldeo Sahabir was brought up by Lal Singh.

Contrary to the protestations of the Government there are factors in evidence which were not provided for the courts consideration, relevant to 3553 for the purpose of sentencing.

Respectfully Submitted,

Dated this 23rd day of May, 2012.

KAMLA SAHABIR,
Movant pro se
Fed. Reg. No: 15737-052
Box A
Alderson, West VA. 24910

– 2

1

2  **C E R T I F I C A T E   O F   S E R V I C E**

3

4  **CAUSE NO(S): DNYN 1:09-CR-000507-002**
   **1:2012-CV-00461**

5

6  I, KAMLA SAHABIR, MOVANT, in the foregoing action, do hereby certify that on this

   24 th  day of May,  2012, I  have served a true and correct copy of the following;

7

8  MOTION FOR LEAVE TO REPLY

9

   Upon all parties involved in the matter, to wit:

10

11 **Edward R. Broton**

12 Office of the United States Attorney

   100 South Clinton Street

13 Syracuse, NY 13261-719

14

   with sufficient postage attached thereupon to carry same to its destination.

15

16

   Dated this 24th  day of May, 2012.

17

18

19

20

21

22

23

24

25

26

- 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA )
          Respondent,    )    CRIMINAL ACTION NO:
                      )
                      )    **DNYN 109-CR000507-002**
                      )
    Vs.                 )
                      )    CIVIL ACTION NO:
    KAMLA SAHABIR,      )    **1:2012-CV-00-461**
          Movant,      )
    _____)   _____

## STATEMENT OF DISPUTED FACTS

    Initially, Movant notes the following Reply to the Government's Response regarding the newly discovered evidence;

(1) The newly discovered evidence was never denied. In fact, the court indicated that that it was beyond its jurisdiction to make a decision regarding the evidence because Notice of Appeal had been filed  transferring jurisdiction to the Court of Appeals.

(2) The Government refers to issues in the Appeal which was later withdrawn. The references to issues included in the appeal, never entertained by the Court have no relevance to issues raised in the 2255 motion.  The direct appeal was related to matter protected on the record. The issues raised in the 2255 are issues not raised on appeal.

(3) The Memorandum of statements presented to the court regarding the statements Lal Singh made to others indicating that the Sahabir's were merely conduits were taken by a Licensed Private Investigator –Patrick Anastasi, a credible investigator. The sworn statements present as much credibility as the Memorandum presented by the Government by Karen Ali, a statement that was not

– 1

taken by the F.B.I. where Karen Ali stated that she did not know Kamla or Baldeo Sahabir and that she has no knowledge whey each or either of them were. Karen Ali's Memorandum was concealed by the Government and was only presented at the end of the trial. Once more this is an indication of the lies on the part of Lal Singh, the individual whose testimony the case was built around

Movant also notes here, that initially when interviewed by Law enforcement, Neither the name of Kamla Sahabir or Baldeo Sahabir was brought up by Lal Singh.

Contrary to the protestations of the Government there are factors in evidence which were not provided for the courts consideration, relevant to 3553 for the purpose of sentencing.

Respectfully Submitted,

Dated this 23rd day of  May,  2012.

**KAMLA SAHABIR,**
Movant pro se
Fed. Reg. No:  15737-052
Box A
Alderson, West VA. 24910

− 2